KAREN P. HEWITT
United States Attorney
CAROLINE J. CLARK
Assistant U.S. Attorney
California State Bar No. 220000
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7491
Facsimile: (619) 557-5004
E-mail: caroline.clark@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXEI SAJINE,<br><br>            Plaintiffs,<br><br>     v.<br><br>MICHAEL CHERTOFF, Department of Homeland Security; EMILIO T. GONZALEZ, U.S. Citizenship and Immigration Services; GERARD HEINAUER, USCIS Nebraska Service Center; MICHAEL MUKASEY, Attorney General; and ROBERT S. MUELLER III, Federal Bureau of Investigation,<br><br>            Defendants. | Case No. 07cv2287 IEG (NLS)<br><br>ANSWER TO COMPLAINT |

COME NOW THE DEFENDANTS, by and through their counsel, Karen P. Hewitt, United States Attorney, and Caroline Clark, Assistant United States Attorney, and in answer to the Plaintiff's Original Complaint for Mandamus and Injunctive Relief (Complaint), set forth the following:

1. Answering the initial sentence, Defendants state that the allegations contained therein are characterizations of the lawsuit and no answer is therefore required. To the extent that an answer is required, Defendants deny that there has been a failure to act on Plaintiff's application.

2. Answering paragraph 1 of the Complaint, Defendants state that the allegations contained therein are characterizations of the lawsuit and no answer is therefore required. To the extent that an answer is required, Defendants admit that Plaintiff's application for adjustment of status has been pending at the Nebraska Service Center since June 9, 2006, and deny the remaining allegations.

3. Answering paragraph 2 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

4. Answering paragraph 3 of the Complaint, with respect to the first sentence, Defendants deny the allegations contained therein. With respect to the second sentence, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said sentence is denied.

5. Answering paragraph 4 of the Complaint, Defendants state that they are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, Defendants admit that Plaintiff resides in this district and deny the remaining allegations in said paragraph.

6. Answering paragraph 5 of the Complaint, Defendants admit that Plaintiff is a native and citizen of Russia, who entered the United States as a student in August 1997. Answering further, Defendants admit that Qualcomm filed an immigrant visa petition on behalf of Plaintiff in June 2006 and that USCIS approved the petition in December 2006. Defendants further admit that Plaintiff filed an application for adjustment of status on June 9, 2006, with USCIS's Nebraska Service Center where said application remains pending. Defendants further admit that Plaintiff filed the instant Complaint on his own behalf. Defendants deny the remaining allegations contained in said paragraph.

7. Answering paragraph 6 of the Complaint, Defendants deny that Michael Chertoff is the "direct supervisor" of the Director of U.S. Citizenship and Immigration Services and deny that he has authority over the FBI name check. Defendants admit the remaining allegations in the paragraph.

8. Answering paragraph 7 of the Complaint, Defendants deny that Emilio T. Gonzalez has authority over the FBI name check and admit the remaining allegations in the paragraph.

9. Answering paragraph 8 of the Complaint, Defendants deny that Gerard Heinauer has authority over the FBI name check and admit the remaining allegations in the paragraph.

//

10. Answering paragraph 9 of the Complaint, Defendants deny that Michael Mukasey "is charged with controlling determination of all issues pertaining to immigration" and admit the remaining allegations in the paragraph.

11. Answering paragraph 10 of the Complaint, Defendants admit the allegations contained therein.

12. Answering paragraph 11 of the Complaint, Defendants admit the allegations contained therein.

13. Answering paragraph 12 of the Complaint, Defendants deny the allegations contained therein as they are without knowledge or information sufficient to form a belief as to their truth.

14. Answering paragraph 13 of the Complaint, Defendants admit the allegations contained therein.

15. Answering paragraph 14 of the Complaint, Defendants admit that visas were available to the category of applicants that Plaintiff belongs to at the time he filed his application, however, they deny that a visa was immediately available to Plaintiff because his security background checks are not complete.

16. Answering paragraph 15 of the Complaint, Defendants admit that visas were available to the category of applicants that Plaintiff belongs to at the time he filed his Complaint, however, they deny that a visa was immediately available to Plaintiff because his security background checks are not complete.

17. Answering paragraph 16 of the Complaint, Defendants admit the allegations contained therein.

18. Answering paragraph 17 of the Complaint, Defendants deny that the published processing times account for cases like Plaintiff's in which the FBI name check remain pending. Defendants admit the remaining allegations in the paragraph.

19. Answering paragraph 18 of the Complaint, Defendants deny the allegations contained therein as they are without knowledge or information sufficient to form a belief as to their truth. Answering further, USCIS neither tracks nor includes status inquiry information in the administrative record.

1     20. Answering paragraph 19 of the Complaint, Defendants deny the allegations contained therein as they are without knowledge or information sufficient to form a belief as to their truth. Answering further, Defendants admit that Defendant FBI provided a response indicating that Plaintiff's name check was pending since July 23, 2006.

    21. Answering paragraph 20 of the Complaint, Defendants admit that the FBI responded to Plaintiff indicating that his name check was pending. Defendants deny the remaining allegations contained therein as they are without knowledge or information sufficient to form a belief as to their truth.

    22. Answering paragraph 21 of the Complaint, Defendants deny the allegations contained therein as they are without knowledge or information sufficient to form a belief as to their truth.

    23 Answering paragraph 22 of the Complaint, Defendants state that the allegations contained therein are characterizations of the lawsuit and no answer is therefore required. To the extent that an answer is required, Defendants admit that Plaintiff's application is pending and deny the remaining allegations contained in said paragraph.

    24. Answering paragraph 23 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

    25. Answering paragraph 24 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, Defendants admit that Plaintiff's application has been pending since June 9, 2006, and deny the remaining allegations contained in said paragraph.

    26. Answering paragraph 25 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

//

27. Answering paragraph 26 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

28. Answering paragraph 27 of the Complaint, Defendants admit that Plaintiff's application has been pending since June 9, 2006.

29. Answering paragraph 28 of the Complaint, Defendants deny the allegations contained therein as they are without knowledge or information sufficient to form a belief as to their truth.

30. Answering paragraph 29 of the Complaint, Defendants deny the allegations contained therein as they are without knowledge or information sufficient to form a belief as to their truth.

31. Answering paragraph 30 of the Complaint, Defendants admit that Plaintiff has obtained employment authorization for which there is a fee and deny the remaining allegations as Defendants are without knowledge or information sufficient to form a belief as to their truth.

32. Answering paragraph 31 of the Complaint, Defendants deny that there has been unreasonable delay and further deny the allegations contained therein as they are without knowledge or information sufficient to form a belief as to their truth.

33. Answering paragraph 32 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

34. Answering paragraph 33 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

35. Answering paragraph 34 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

36. Answering paragraph 35 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

37. Answering paragraph 36 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

38. Answering paragraph 37 of the Complaint, Defendants incorporate all answers made above.

39. Answering paragraph 38 of the Complaint, Defendants admit the allegations contained therein.

40. Answering paragraph 39 of the Complaint, Defendants admit that USCIS is responsible for the adjudication of adjustment of status applications and for following applicable agency policy and federal regulations. Defendants deny the remaining allegations in said paragraph.

41. Answering paragraph 40 of the Complaint, Defendants deny the allegations contained therein.

42. Answering paragraph 41 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

43. Answering paragraph 42 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

44. Answering paragraph 43 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

45. Answering paragraph 44 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

46. Answering paragraph 45 of the Complaint, Defendants incorporate all answers made above.

47. Answering paragraph 46 of the Complaint, Defendants state that the allegations contained therein are characterizations of the lawsuit and no answer is therefore required. To the extent that an answer is required, Defendants deny the allegations contained therein.

48. Answering paragraph 47 of the Complaint, Defendants deny the allegations contained therein.

49. Answering paragraph 48 of the Complaint, Defendants state that the allegations contained therein are legal conclusions and questions of law solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

50. Answering paragraph 49 of the Complaint, Defendants incorporate all answers made above.

51. Answering paragraph 50 of the Complaint, Defendants state that the allegations contained therein are characterizations of the lawsuit and no answer is therefore required. To the extent that an answer is required, Defendants deny the allegations contained therein.

The remainder of Plaintiff's Complaint represents a Prayer for Relief to which no responsive pleading is required. To the extent that the Prayer for Relief is deemed to allege facts to which a response is required, Defendants deny the allegations.

Plaintiff's Complaint contains attached exhibits to which no responsive pleading is required. To the extent that the attached exhibits are deemed to allege facts to which a response is required, Defendants deny the allegations.

**AFFIRMATIVE OR OTHER DEFENSES**

All allegations not here before specifically admitted, denied, or modified, are hereby denied. For further or separate answer, Defendants allege as follows:

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

### SECOND DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

### THIRD DEFENSE

At all times alleged in the complaint, Defendants were acting in good faith, with justification, and pursuant to authority.

### FOURTH DEFENSE

The Defendants are processing the application referred to in the Complaint to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

WHEREFORE, Defendants pray that Plaintiff takes nothing by reason of his suit herein, that judgment be rendered in favor of said Defendants, for costs of suit herein incurred, and for such other and further relief as this Court may deem proper.

DATED: February 6, 2008

KAREN P. HEWITT  
United States Attorney

s/ Caroline J. Clark

CAROLINE J. CLARK  
Assistant United States Attorney  
Attorneys for Defendants  
E-Mail: caroline.clark@usdoj.gov